## IN THE CIRCUIT COURT FOR BALTIMORE CITY

CHERELL CONWAY　　　　　　　　　*
1803 Clifton Avenue
Baltimore, Maryland 21217　　　　*

　　　　*Plaintiff*　　　　　　　　　*

　　v.　　　　　　　　　　　　　　　*

OFFICER JASMAN T. PAYNE (I262)　*
Baltimore Police Department
Southeastern District　　　　　　　　*
424 Font Hill Avenue
Baltimore, Maryland 21223　　　　*

OFFICER LAWANG A. HYMAN (G477)*
Baltimore Police Department
Southwestern District　　　　　　　*
424 Font Hill Avenue
Baltimore, Maryland 21223　　　　*

　　　　*Defendant*　　　　　　　　*　　Case No.: 24C16004481



### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff Cherell Conway by and through her undersigned counsel Anton L. Iamele, and IAMELE & IAMELE, LLP, and hereby sues the Defendants Officer Jasman T. Payne (Seq.) and Officer Lawang A. Hyman and states as follows:

### Jurisdiction & Venue

1. This is an action to remedy violations of Maryland Declaration of Rights Art. 24 and 26, and under the common law of the State of Maryland against Baltimore Police Department Officers Payne and Hyman, in their individual and official capacities. The amount in controversy exceeds $75,000.00.

2. It is alleged that the named defendants' utilized excessive force, violated Plaintiff's rights afforded by the Maryland Declaration of Rights.

3. Venue is proper under Maryland Annotated Code, Courts and Judicial Proceedings Article §6-201, *et. seq.*, in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Baltimore City, Maryland.

4. Notice of the instant claim was provided in accordance with Maryland's Local Government Tort Claims Acts. On October 19, 2015, a certified posting giving notice of the Plaintiff's claims was sent to Baltimore City Solicitor. A return receipt was issued establishing that said notice letter had been delivered.

## Parties

5. Plaintiff Cherell Conway is a citizen of the State of Maryland residing at 1803 Clifton Avenue, Baltimore, Maryland 21217. At all times relevant to this Complaint Plaintiff Conway resided at 432 South Smallwood Street, Baltimore, MD 21223.

6. At all times relevant to this Complaint, Defendant Officer Jasman T. Payne was a duly authorized agent, servant, and/or employee of the Baltimore Police Department and was acting within the scope and course of employment as a member of the Baltimore Police Department.

7. At all times relevant to this Complaint, Defendant Officer Lawang A. Hyman was a duly authorized agent, servant, and/or employee of the Baltimore Police Department and was acting within the scope and course of employment as a member of the Baltimore Police Department.

## Facts Common to All Counts

8. Plaintiff Conway endured an extremely difficult childhood. As an adult she suffers from acute agoraphobia and anxiety and has been clinically diagnosed with post traumatic stress disorder. During the course of treatment rendered in connection with these issues, it was

recommended Plaintiff Conway get a dog for therapeutic purposes. Among other things, the therapy dog was meant to assist Plaintiff Conway with day to day activities; prompt Plaintiff Conway to occasionally leave her home and facilitate her in doing so; and also help Plaintiff Conway cope with daily anxiety.

9. Pursuant to the advice of her health care providers, Plaintiff Conway obtained a therapy dog that she named "Bug". Plaintiff Conway developed an especially close relationship with Bug which greatly enhanced her ability to cope with her maladies.

10. On or about September 20, 2015 at approximately 12:30PM Plaintiff Conway was in her residence located at 432 South Smallwood Street, Baltimore, Maryland 21223. Bug was also present in the home.

11. On said date and time, Defendants Baltimore City Police Officers Jasman Payne and Lawang Hyman arrived at the Plaintiff's residence located at 432 South Smallwood Street, Baltimore, Maryland 21223. Defendant Officers Payne and Hyman had apparently traveled to the residence for purposes of serving a warrant. It was later discovered, however, that the Defendant Officers were at the wrong house and that the subject of the warrant did not and had not ever lived or been associated with the 432 South Smallwood Street address.

12. Upon arrival at Plaintiff's residence, Defendant Officers Payne and Hyman took up positions on either side of the steps leading to the front door and then knocked on the door. A guest at Plaintiff Conway's home opened the front door and was instructed to leave it open.

13. When the door to Plaintiff Conway's residence was opened, Bug walked out and proceeded down the stairs. Plaintiff Conway immediately gave chase and followed Bug out of the residence.

14. Bug did not approach Defendant Officers Payne and Hyman; did not bark of growl at Defendant Officers Payne and Hyman; and did not otherwise act in a violent or overtly threatening manner towards the Defendant Officers, Plaintiff Conway of any third person present in the area.

15. Bug proceeded in the direction of an area across the street from Plaintiff Conway's home where he was routinely walked. Plaintiff Conway was immediately behind him. Bug had crossed the sidewalk contiguous to Plaintiff Conway's residence and was at or near the curb, when Plaintiff Conway began to the bend down in an effort to pick him up.

16. At that time, both of the Defendant Officers were standing on the opposite side of the sidewalk immediately adjacent to Plaintiff Conway's home.

17. Defendant Officers Payne and/or Hyman discharged their service weapon(s) and fatally wounded Bug. At the time of this shooting, Plaintiff Bug was oriented facing away from Defendant Officers Payne and/or Hyman. Plaintiff Conway had a hold of Bug but had not yet had occasion to physically restrain him/lift him up when Defendant Baltimore City Police Officers Payne and/or Hyman shot him.

18. Plaintiff Conway was in such close proximity to the trajectory path of the projectile(s) that she was reasonably within the zone of danger and appreciated the potential of serious bodily harm.

19. The use of force by Defendant Officers Payne and/or Hyman. unnecessary, unreasonable and wanton. At no time during the time reference in the Complaint had Plaintiff Conway's dog Bug acted in an aggressive manner and there was no rational basis/reason to believe that Plaintiff Conway did not have control of Bug or that Big might cause injury to anyone in proximity to the happenings.

34. The conduct of Defendant Officers Jasman Payne and/or Lawang Hyman caused Plaintiff Conway to be put in reasonable apprehension of an imminent battery.

35. Plaintiff Conway in no way consented to the described conduct by Defendant Officers Jasman Payne and/or Lawang Hyman, or in any way presented just or reasonable cause for Defendant Officers Jasman Payne and/or Lawang Hyman to act as they did.

36. The conduct of Defendant Officers Jasman Payne and/or Lawang Hyman was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

37. As a direct and proximate result of the assault perpetrated by Defendant Officers Jasman Payne and/or Lawang Hyman, Plaintiff Conway sustained significant injuries, medical bills, psychological damages, and additional economic injuries.

WHEREFORE, Plaintiff Cherell Conway demands judgment against the Defendant Officers Jasman Payne and Lawang Hyman for compensatory, special damages, consequential damages, past, present, and future damages, punitive damages in an amount to be determined at trial, and such further and additional relief as this court deems to be just and appropriate.

### COUNT III – FALSE IMPRISONMENT
*(Plaintiff Albert Smith v. Defendant Harrison)*

38. Plaintiff Conway hereby incorporates Paragraphs 1 through 35 as if fully restated herein.

39. Defendant Officers Jasman Payne and/or Lawang Hyman falsely imprisoned the Plaintiff throughout the course of events described herein. The instances of a false imprisonment include, but are not limited to, the time periods during which Plaintiff Conway was (1) forced to open her home, (2) restrained by Defendant Officers Jasman Payne and/or Lawang Hyman against her will so that she could not transport Bug for necessary veterinary attention, and (3) was detained

20. The force directed against Plaintiff Conway's dog was unnecessary, excessive, and unreasonable as the dog was not aggressive towards the Defendant Officers and posed no threat to the safety of Defendant Officers Payne and/or Hyman or third parties near the scene of the detention.

21. Plaintiff Conway's dog attempted to move and crawl on his front paws after being shot. Defendant Officers advised Plaintiff that if the dog gets up they would shoot the dog again.

22. Defendant Officers Payne and Hyman would not permit Plaintiff Conway to seek veterinary attention for Bug and continued her detention on the scene. As a result, Bug was left in the street bleeding and unable to move. Plaintiff Conway was aware of the continuing unlawful detention.

23. When Bug eventually received veterinary care he was euthanized due to the extent of his injuries.

24. As a result of the events described herein, Plaintiff was wrongfully deprived of her Constitutional Rights protected by the Maryland Declaration of rights; suffered significant injuries, medical bills, psychological damages, and additional economic damages.

## COUNT I – TRESPASS TO CHATTELS
*(Plaintiff Cherell Conway v. Defendant Officers Jasman Payne and Lawang Hyman)*

25. Plaintiff Conway hereby incorporates Paragraphs 1 through 24 as if fully restated herein.

26. Defendant Payne and/or Hyman shot and killed Plaintiff Conway's dog.

27. Plaintiff Conway asserts that Defendant Officers Jasman Payne and/or Lawang Hyman conduct was intentional, without legal authority or justification, and interfered with the use and possession by Plaintiff Conway of her dog.

28. As a direct and proximate result of the trespass perpetrated by Defendant Officers Payne and/or Hyman, Plaintiff Conway sustained significant injuries, medical bills, psychological damages, and additional economic damages.

WHEREFORE, Plaintiff Cherell Conway demands judgment against the Defendant Officers Jasman Payne and Lawang Hyman for compensatory, special damages, consequential damages, past, present, and future damages, punitive damages in an amount to be determined at trial, and such further and additional relief as this court deems to be just and appropriate.

## COUNT II – ASSAULT
*(Plaintiff Cherell Conway v. Defendant Officers Jasman Payne and Lawang Hyman)*

29. Plaintiff Conway hereby incorporates Paragraphs 1 through 24 as if fully restated herein.

30. When Defendant Payne and/or Hyman discharged their service weapon(s), Plaintiff Conway was in close proximity and contact with Bug such that she was within the apparent zone of danger.

31. Plaintiff Conway asserts that Defendant Officers Jasman Payne and/or Lawang Hyman engaged in intentional acts of unlawful conduct such that the Plaintiff Conway was placed in reasonable apprehension of an imminent offensive touching and the potential of deadly injury.

32. At all times relevant to this Complaint, Defendant Officers Jasman Payne and/or Lawang Hyman had the ready ability to complete the harmful and offensive conduct directed at Bug and Plaintiff Conway

33. Defendant Officers Jasman Payne and/or Lawang Hyman acted with the intent and capability to do bodily harm and injury and Plaintiff Conway. Their conduct was perpetrated with actual malice, in the absence of legal justification, and with deliberate indifference to the safety of Plaintiff Conway.

at the scene despite the absence of any legal authority, justification and/or reasonable cause for a continuing detention.

40. The actions of Defendant Officers Jasman Payne and/or Lawang Hyman caused Plaintiff Conway to be unlawfully deprived of his liberty.

41. At all times Plaintiff Conway was aware of the continuing and improper detention.

42. As a result of the unlawful conduct described herein, Plaintiff Conway was detained against his will and sustained significant emotional injuries, embarrassment, anxiety and additional injuries.

43. The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

44. As a direct consequence in result of the acts of Defendant Officers Jasman Payne and/or Lawang Hyman described herein, the Plaintiff was deprived of her liberty, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants. Plaintiff Conway has also suffered additional injuries which are not expressly enumerated herein.

WHEREFORE, Plaintiff Cherell Conway demands judgment against the Defendant Officers Jasman Payne and Lawang Hyman for compensatory, special damages, consequential damages, past, present, and future damages, punitive damages in an amount to be determined at trial, and such further and additional relief as this court deems to be just and appropriate.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Plaintiff Cherell Conway v. Defendant Officers Jasman Payne and Lawang Hyman)*

45. Plaintiff Conway hereby incorporates Paragraphs 1 through 44 as if fully restated herein.

46. Defendant Payne and/or Hyman's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff Conway.

47. The above-described conduct by Defendants Payne and/or Hyman was extreme and outrageous and beyond the bounds of decency in society.

48. The above-described conduct of Defendants Payne and/or Hyman was malicious, willful, and intentional.

49. As a result of the aforesaid conduct and actions, Plaintiff Conway has suffered and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiff Cherell Conway demands judgment against the Defendant Officers Jasman Payne and Lawang Hyman for compensatory, special damages, consequential damages, past, present, and future damages, punitive damages in an amount to be determined at trial, and such further and additional relief as this court deems to be just and appropriate.

### COUNT V – VIOLATION OF
### MARYLAND STATE DECLARATION OF RIGHTS (ARTICLES 24 & 26)
*(Plaintiff Cherell Conway v. Defendant Officers Jasman Payne and Lawang Hyman)*

50. Plaintiff Conway hereby incorporates Paragraphs 1 through 49 as if fully restated herein.

51. The actions of Defendants Payne and Hyman, all of which were committed under the color of their authority as a member of the Baltimore Police Department and while acting in the capacity of duly authorized police officer, violated Plaintiff Conway's clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Article 24 and Article 26 including, but not limited to: Freedom from the unreasonable and unjustified seizure

of her person and property; and Freedom from the use of excessive, unreasonable and unjustified force directed at her person during the course of a detention.

52. As a result of the above-described acts attributed to Defendants Payne and Hyman, Plaintiff was deprived of rights and immunities secured to her under the Maryland Declaration of Rights- in particular her right not to be deprived of her liberty and property and also his right not to be subjected excessive force during the course of an ongoing detention.

53. As a direct consequence in result of the actions and omissions of Defendants Payne and Hyman described herein, the Plaintiff was deprived of her property; was caused to suffer significant injuries, medical bills, psychological damages, and additional economic damages.

WHEREFORE, Plaintiff Cherell Conway demands judgment against the Defendant Officers Jasman Payne and Lawang Hyman for compensatory, special damages, consequential damages, past, present, and future damages, punitive damages in an amount to be determined at trial, and such further and additional relief as this court deems to be just and appropriate.

Respectfully submitted,

IAMELE & IAMELE LLP

Anton L. Iamele
201 North Charles Street, Suite 400
Baltimore, Maryland 21201-4111
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for the Plaintiff, Cherrell Conway*

## REQUEST AND PRAYER FOR JURY TRIAL

Plaintiff, Cherell Conway, hereby requests that all matters raised in this Complaint be decided by way of a jury trial.

*Anton L. Iamele*