CHERELL CONWAY           \*   IN THE

     Plaintiff,              \*   CIRCUIT COURT

v.                      \*   FOR

OFFICER JASMAN T. PAYNE, et al    \*   BALTIMORE CITY

     Defendants           \*   Case No: 24-C-16-004481

   \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### PLAINTIFF CHERELL CONWAY'S ANSWERS TO DEFENDANT OFFICER JASMAN T. PAYNE'S FIRST SET OF INTERROGATORIES

Now Comes Plaintiff Cherell Conway, by and through her attorney, Anton L. Iamele and

IAMELE & IAMELE, LLP, and in answer to certain Interrogatories heretofore propounded by the

Defendant Officer Jasman T. Payne states as follows:

(a) These answers are given in compliance with the Maryland Rules of Procedure. In providing this information, the Plaintiff does not waive grounds for objection to admission into evidence at the time of trial

(b) Counsel has assisted Plaintiff in answering these Interrogatories. The word usage and sentence structure is that of the attorneys who in fact prepared these Answers, and the language does not purport to be the exact language of the executing party.

(c) To the extent that these interrogatories call for the recantation of a statement or communication that may have been offered by the someone other than the Plaintiff, the word usage and sentence structure if that of the attorneys, who in fact prepared these answers, and does not purport to be the exact language uttered by that individual and/or received by the executing party.

(d) Plaintiff reserves the right to supplement these responses during the course of ongoing discovery and in accordance with the Maryland Rules of Civil Procedure.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**      State the full name, present address, and date of birth

for the Plaintiff. Please also state any aliases or nicknames you have ever used.

**ANSWER TO INTERROGATORY NO. 1:**      Cherell Nicole Conway, 1803 Clifton

Avenue, Baltimore, Maryland 21217; DOB:      1976.

**INTERROGATORY NO. 2:**          Give the names, phone number and last known

addresses of all other persons who have knowledge of the facts alleged in the Complaint.

**ANSWER TO INTERROGATORY NO. 2:**          Plaintiff identifies the following individuals

who have knowledge of the facts alleged in the Complaint:

A.  Plaintiff Cherell Conway;

B.  Defendant Lewang A. Hyman;

C.  Defendant Jasman T. Payne;

D.  Tariq White, 1803 Clifton Avenue, Baltimore, Maryland 21217; (443)814-8916. Mr. White is Plaintiff Conway's adult son. At the time of the complained of occurrence, Mr. White was looking out of the window of the residence located at 432 South Smallwood Street, Baltimore, Maryland 21223. It is the knowledge and belief of the Plaintiff that he witnessed some portion(s) of the complained of occurrence.

E.  Cashawnah Tayler, 432 South Smallwood Street, Baltimore, Maryland 21223. Ms. Tyler was located within the residence where the subject occurrence unfolded. Plaintiff Conway does not have knowledge as to what, if anything, Ms. Tyler was able to observe from her vantage point. Following the subject occurrence, Ms. Tyler exited the residence, traveled outside, and assisted with caring for Bug.

F.  Danera (last name unknown), minor child of Cashawnah Tyler, 432 South Smallwood Street, Baltimore, Maryland 21223. This juvenile was located inside the residence at the time of the complained of occurrence. Plaintiff Conway does not have knowledge as to what, if anything, this juvenile observed from her vantage point.

G.  An acquaintance of Cashawnah Tyler was present at 432 South Smallwood Street, Baltimore, Maryland 21223 at the time of the subject occurrence. Plaintiff Conway does not have knowledge of this person's name and address, and also does not have knowledge of what, if any portion, of the subject event this individual observed. However, it is the knowledge and belief of Plaintiff Conway that this individual opened the door of the residence when the defendants knocked on the door.

H.  Brittany and Keith Hurt, current address unknown. At the time of the subject occurrence, the Hurts lived in a residence located on the corner of South Smallwood Street. It is the knowledge and belief of Plaintiff Conway that the Hurts observed some portion(s) of the subject occurrence. The Hurts also assisted/comforted Plaintiff Conway when she was grieving following the death of Bug.

I.  Tim (last name and address presently unknown). It is the knowledge and belief of Plaintiff Conway that this gentleman named Tim observed all or part of the complained of occurrence.

J.  Tanea Bryant, Regenerations Counseling Services, 1421 S. Caton Avenue, Suite 201, Baltimore, Maryland 21227; (443)447-6084. Mr. Bryant was Plaintiff's counselor at the time of the complained of occurrence. Mr. Bryant counseled Plaintiff Conway following the complained of occurrence. It is anticipated that Ms. Bryant will offer testimony about Plaintiff's emotional injuries, treatment, convalescence, pain and suffering, damages, and other issues which are not expressly stated herein.

K.  Agent, servant, and/or employee of BARCS. It is anticipated that an agent, servant, and/or employee of BARCS will offer testimony about Bug's physical injuries, treatment, pain and suffering, damages, and other issues which are not expressly stated herein.

L.  Healthcare providers which may be identified based upon developments during the course of discovery. It is anticipated that these healthcare providers will offer testimony about Plaintiff's emotional injuries, treatment, convalescence, pain and suffering, damages, and other issues which are not expressly stated herein.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery and with further identifying information for all persons identified herein.

**INTERROGATORY NO. 3:**        If you have been convicted of, or pled guilty to, any crime, please state the date of conviction or plea, the Court where the judgment or plea was entered, and the crime for which you were convicted or plead, and the sentence imposed for such conviction or plea.

**ANSWER TO INTERROGATORY NO. 3:**        Plaintiff Conway objects to this Interrogatory as it is unreasonably broad and not reasonably tailored to the lead to the discovery of admissible evidence. Subject to and without waiving said objection, Plaintiff Conway states as follows:

| | |
|---|---|
| Case Name: | *State of Maryland v. Cherell Nicole Conway* |
| Case Number: | 0C00004641 |
| Jurisdiction: | District Court for Baltimore County |
| Nature of Case/Disposition: | Maim – Malicious Injury – Dismissed |
| | Battery – PBJ Unsupervised |
| | Assault – Nolle Prosequi |
| | Deadly Weapon Intent to Injure – PBJ Unsupervised |

Disposition Date:      The first charge was dismissed on December 8, 1994 and the remainder of the charges were adjudicated on February 2, 1995

Case Name:      *State of Maryland v. Cherell N. Conway*
Case Number:      3B01318215
Jurisdiction:      District Court for Baltimore City
Nature of Case/Disposition:      Assault – Second Degree – Stet
Disposition Date:      September 19, 2000

Case Name:      *State of Maryland v. Cherell Nicole Conway*
Case Number:      6B01521729
Jurisdiction:      District Court for Baltimore City
Nature of Case/Disposition:      Issue False Document – Nolle Prosequi
     Issue False Document – Nolle Prosequi
     Issue False Document – Nolle Prosequi
     Issue Counterfeit Order – Nolle Prosequi
     Issue Counterfeit Order – Nolle Prosequi
     Issue Counterfeit Order – Guilty, 2 Year Jail Term, 2 Years Suspended, Probation end date 2/4/2007
     Att – Uttering False Document – Guilty 2 Year Jail Term, 2 Years Suspended, Probation end date 2/4/2007
     Theft $500 Plus Value – Nolle Prosequi
     Theft $500 Plus Value – Nolle Prosequi
     Theft $500 Plus Value – Nolle Prosequi
     Att – Theft $500 Plus Value – Nolle Prosequi
Disposition Date:      All charges were nolle prosed on January 22, 2004. The two Guilty adjudications were decided on February 4, 2004

Case Name:      *State of Maryland v. Cherell Nicole Conway*
Case Number:      2C00191095
Jurisdiction:      District Court for Baltimore County
Nature of Case/Disposition:      Issue False Document – Guilty, 1 Year Jail Term, 1 Year Suspended, Probation end date 4/5/2005, Restitution amount $1,053.00.
     Issue False Document – Nolle Prosequi
Disposition Date:      April 5, 2004

Case Name:      *State of Maryland v. Cherell Nicole Conway*
Case Number:      5H00069641
Jurisdiction:      District Court for Wicomico County
Nature of Case/Disposition:      CDS Possession Marijuana – Guilty Plea, 30 Day Jail Term, 30 Days Suspended, Probation 1 Year.
Disposition Date:      December 16, 2013

**INTERROGATORY NO. 4:**     If you have ever been a party in any other civil lawsuits, either as a plaintiff or defendant, please indicate the Court which adjudicated the case, a general description of the claims that involved you and how those claims resolved and when they resolved.

**ANSWER TO INTERROGATORY NO. 4:**     Other than the instant litigation, Plaintiff Conway has been a party to the following civil lawsuits:

| | |
|---|---|
| Case Name: | *MAR Properties, Inc. v. Cherell Conway* |
| Case Number: | 0101-0011801-1999 |
| Jurisdiction: | District Court for Baltimore City |
| Nature of Case/Disposition: | Contract—Judgment in Favor of Plaintiff in the Amount of $157.96 plus costs of $45.00 |
| Disposition Date: | March 23, 2001 |
| | |
| Case Name: | *Continental Realty Corp v. Cherell Conway* |
| Case Number: | 0101-0017204-2003 |
| Jurisdiction: | District Court for Baltimore City |
| Nature of Case/Disposition: | Contract – Affidavit Judgment Entered in the amount of $1,139.40, Judgment Interest of $172.94, and costs of $20.00 |
| Disposition Date: | August 5, 2003 |
| | |
| Case Name: | *Harford County OCSE, et al v. Remel Anane White, et al.* |
| Case Number: | 12-P-05000295 |
| Jurisdiction: | Circuit Court for Harford County |
| Nature of Case/Disposition: | Paternity – Dismissed Defendant Excluded by Genetic Testing |
| Disposition Date: | August 9, 2007 |
| | |
| Case Name: | *Cherell Conway v. Keyhole Properties* |
| Case Number: | 0101-0019348-2008 |
| Jurisdiction: | District Court for Baltimore City |
| Nature of Case/Disposition: | Rent Escrow – Complaint Dismissed by Court |
| Disposition Date: | November 21, 2008 |
| | |
| Case Name: | *Cherell Conway v. Denise Dagirmanijan-WPMS* |
| Case Number: | 0101-0000196-2009 |
| Jurisdiction: | District Court for Baltimore City |
| Nature of Case/Disposition: | Rent Escrow – Complaint Dismissed by Court |
| Disposition Date: | March 27, 2009 |

Case Name:              *Cherell Conway v. WPMS Denise Dagirmanijan*
Case Number:            0101-0000272-2009
Jurisdiction:           District Court for Baltimore City
Nature of Case/Disposition:  Rent Escrow – Order of Rent Escrow
Disposition Date:       April 27, 2009

Case Name:              *Calandra Womack v. Cherell Conway, et al.*
Case Number:            12-C-04000606
Jurisdiction:           Circuit Court for Harford County
Nature of Case/Disposition:  Custody (Two Party) – Decree or Order
Disposition Date:       May 19, 2009

Case Name:              *Cherell Conway v. Denise Dagirmanijan-WPMS*
Case Number:            0101-0000451-2009
Jurisdiction:           District Court for Baltimore City
Nature of Case/Disposition:  Rent Escrow – Complaint Dismissed (Rule 3-506)
Disposition Date:       July 2, 2009

Case Name:              *PRC Capital Rental, LLC v. Cherell Conway*
Case Number:            0101-0023042-2014
Jurisdiction:           District Court for Baltimore City
Nature of Case/Disposition:  Landlord Tenant Money Judgment – Judgment in Favor of
                        Plaintiff Entered in the amount of $1,365.00 plus costs of
                        $32.00
Disposition Date:       July 1, 2014

**INTERROGATORY NO. 5:**          State in detail the facts upon which you base your

claims in the Complaint.

**ANSWER TO INTERROGATORY NO. 5:**          Plaintiff Conway has a history of mental

health issues stemming from childhood abuse/events. She has been diagnosed with Post Traumatic

Stress Disorder (PTSD), Major Depressive Disorder, Anxiety, Adjustment Disorder, and

Agoraphobia. She has treated with mental health care providers and has also been admitted for

inpatient hospitalizations (at facilities, including but not limited to University of Maryland, Bon

Secours, and Regenerations Counseling Services) in connection with these maladies.

As part of her treatment, mental healthcare provider(s) suggested that Plaintiff Conway get a

dog for therapeutic purposes. The dog was recommended in connection with the diagnosed

Agoraphobia as a means of prompting Plaintiff Conway to get outside and the facilitate the process of exiting a residence; as an aid for coping with daily episodes of Anxiety; and to otherwise assist Plaintiff Conway with daily living. Pursuant to the advice of her healthcare provider(s), Plaintiff Conway purchased a puppy on or about April 7, 2013, for $300.00. She would late name this dog "Bug." Overtime, Plaintiff Conway developed an extremely close bond with Bug, who greatly enhanced her ability to cope with her mental health issues and assisted in activities of daily living.

In approximately August of 2015, Plaintiff Conway moved into 432 South Smallwood Street. She occupied a room in the basement of the dwelling. Plaintiff Conway's son lived with Cashawnah Tayler and her minor child on the top floor of the same residence.

On September 20, 2015, in the early afternoon, Plaintiff Conway was present at 432 South Smallwood Street, Baltimore, Maryland 21223. Tariq White, Cashawnah Tyler, Ms. Tyler's minor daughter, and an unknown friend of Ms. Tyler were also present in the residence. On said date and time, the defendant officers knocked on the door at 432 South Smallwood Street, Baltimore, Maryland 21223. Ms. Tyler's friend opened the front door. When the door to the 432 South Smallwood Street residence opened, Bug walked out, proceeded down the stairs, and began walking towards a patch of grass across the street where he was routinely walked. Plaintiff Conway followed Bug out of the residence. Bug did not approach Defendant Officer Payne and/or Defendant Officer Hyman; did not bark or growl at the defendant officers; and did not otherwise act in a violent or overtly threatening manner towards the Defendant Officers, Plaintiff Conway, or any third person present in the area.

Bug continued in the direction of a grassy area across the street from 432 South Smallwood Street, and Plaintiff Conway was immediately behind him. Bug had crossed the sidewalk immediately outside of the residence and was positioned with his front paws in the street and his

back paws remaining on the sidewalk, when Plaintiff Conway bent down to pick him up. At that time, both of the Defendant Officers were standing on the opposite side of the sidewalk, on or near the stairs leading to 432 South Smallwood Street. One of the defendant officers discharged a service weapon. Bug, who was oriented facing away from the defendant officers, was shot in the back. Plaintiff Conway was in contact with Bug when the shooting began. Plaintiff Conway was in such close proximity to the trajectory path of the projectile(s) that she was reasonably within the zone of danger and appreciated the potential of serious bodily harm.

Bug began spinning in response to being shot. The defendant officer, who initiated the shooting, lost her balance as she discharged her service weapon. She fired two more rounds at Bug, one of which hit him in the front shoulder.

The use of force by Defendant Officer Payne and/or Defendant Officer Hyman was unjustified, unreasonable, wanton, and undertaken with a reckless disregard for the safety of the general public in the vicinity of the shooting. At no time prior to the initiation of the shooting had Plaintiff Conway's dog, Bug, acted in an aggressive manner towards the defendant officers and/or any third person(s). Moreover, the defendant officers had no basis and/or rational reason to believe that Plaintiff Conway did not have control of Bug or that Bug might cause injury to anyone in proximity to the happenings.

After Bug was shot multiple times, Plaintiff Conway brought Bug back to the steps in front of the residence. Bug attempted to crawl away from the area, using only his front legs and dragging his hind legs. The defendant officers advised Plaintiff Conway that they would shoot him again. Bug crawled a few houses down in the manner described herein. Plaintiff Conway, fearing that the defendant officers might shoot him again, corralled him to prevent any additional motion.

Plaintiff Conway recognized that Bug had been critically injured and was in dire need of veterinary attention. Plaintiff Conway advised the defendant officers of her intention/desire to transport Bug to a veterinarian and/or animal hospital for medical treatment. Defendant Officer Payne and Defendant Officer Hyman would not permit Plaintiff Conway to leave and detained her, against her will, at the scene of the shooting. Plaintiff Conway was aware of this continuing unlawful detention. Defendant Officer Payne and/or Defendant Officer Hyman further advised Plaintiff Conway that the area was a "crime scene" and therefore Bug could not be moved any other person for medical attention. As a result, Bug was left in the street bleeding and unable to move for approximately forty-five minutes to an hour. Plaintiff Conway experienced extreme anxiety, emotional distress and suffering as she was forced to remain on the scene with Bug critically injured.

The defendant officers indicated that they were present at the scene to serve a warrant on Cashawnah Tayler. It is the knowledge and belief of the Plaintiff Conway, however, that Defendant Officer Payne and Defendant Officer Hyman subsequently ran a records check to determine if there was an open warrant for any of the persons at 432 South Smallwood Street, and the results came back negative and/or that there were no open warrants for any of the individuals who were present at 432 South Smallwood Street residence. Additional members of the Baltimore Police Department responded to the scene following the shooting. These officers indicated to people at the scene, including Plaintiff Conway, that there was no open warrant for Ms. Taylor. No civilians were detained and/or arrested in connection within any open warrant.

At or around 12:42, the Baltimore City Bureau of Animal Control was notified about the happening. Animal Control Officers Casey and Chadwick arrived at the scene at approximately 1:00 p.m. Bug was on the sidewalk, visibly bleeding, and unable to use his hind legs when these

Animal Control personnel arrived at the scene.  When these officers were present on the scene, Plaintiff Conway was still subject to ongoing detention carried out by the defendant officers. Plaintiff Conway was compelled to remain on the scene even as Bug was being removed to BARCS. When she was later releases an on her way to the facility, Plaintiff Conway was contacted by BARCS. Plaintiff was approximately five minutes away from BARCS when Plaintiff Conway received a call requesting authorization to euthanize Bug.

Defendant's committed additional unlawful actions that are not expressly referenced herein.

The defendant officers overreacted to a misperceived and non-existent (potential) threat, responded with excessive force, and acted with reckless indifference to Plaintiff Conway. The defendant officers' actions were wanton and willful; undertaken without justification or cause; and represent an intentional failure to perform a manifest duty in reckless disregard of the consequences affecting the life and property of Plaintiff Conway.  These unjustified and improper actions of the defendant officers violated Plaintiff's rights afforded by the United States Constitution including her due process rights as defined by the United States Supreme Court and her Fourth Amendment rights. The defendant officers' actions further violated the Plaintiff's rights afforded under Articles 24 and 26 of the Maryland Declaration of Rights. Additional, the above described conduct by the defendant officers is prohibited by various Maryland criminal statutory and code provisions, as well as, State of Maryland's common law consideration of criminal causes; inconsistent with the Baltimore City Police Department's training, policies and procedure, and General Orders; inconsistent with the Use of Force Continuum; and otherwise illegal. The conduct of the defendant officers was also prohibited by, or contrary to, other code provisions, statutes,

writings, directives, constitutional provisions, memorandum of understanding, training materials, orders and the like which are not expressly referenced herein.

Plaintiff reserves the right to supplement this response during the course of ongoing discovery.

**INTERROGATORY NO. 6:**       If you claim that Officer Jasman Payne violated any statute, State or Federal, or any regulation, code requirements or other mandatory instruction from any government authority whatsoever, specify in sufficient detail to enable the Defendant to locate such statute, regulation rule, code provision or mandatory instruction, the authority issuing it, and describe specifically the manner in which it was violated.

**ANSWER TO INTERROGATORY NO. 6:**       Plaintiff Conway, on the advice of counsel, objects to this Interrogatory as it calls for a response based upon legal conclusions that are within the province of the trier of fact. Plaintiff Conway further objects to this Interrogatory as it calls for the production of information and materials are readily available to this defendant. Subject to and without waiving said objections, Plaintiff states as follows:

Plaintiff incorporates her answer to Interrogatory Number 5 as fully responsive to the instant Interrogatory.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 7:**       If you contend you suffered any physical, mental or emotional injuries as a result of the incident, please identify and describe in detail each such injury, the areas of your body affected and how it was affected and date when the area of your body became affected.

**ANSWER TO INTERROGATORY NO. 7:**        Plaintiff claims that she suffered mental and emotional injuries as a result of the complained of occurrence. Prior to the complained of occurrence, Plaintiff had been diagnosed with Post Traumatic Stress Disorder (PTSD), Major Depression Disorder, anxiety, adjustment disorder, and agoraphobia.  After witnessing the shooting that resulted in the death of Bug and being falsely arrested on the scene, Plaintiff Conway's Post Traumatic Stress Disorder, Anxiety, and Agoraphobia have been exasperated. Plaintiff Conway experienced and continues to experience flash backs to the complained of occurrence. Plaintiff's anxiety level increased and she had resulting physical manifestations. On September 25, 2015, Plaintiff Conway's counselor transported her to the University of Maryland Hospital for treatment. These mental and emotional injuries have continued.

To the extent that the detention might constitute a physical injury, Plaintiff Conway further notes that he was detained on the scene against her will and was all the while cognizant of her detention.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 8:**        Describe in detail the physical actions you allege Defendant took during the incident and describe in detail any statements made by Defendant during the incident.

**ANSWER TO INTERROGATORY NO. 8:**        Plaintiff    incorporates    her    answer    to Interrogatory Number 5 as fully responsive to the instant Interrogatory.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 9:**        As for each action you allege was performed by Defendant, please indicate what damages, injuries, or claims you allege were proximately caused by the action.

**ANSWER TO INTERROGATORY NO. 9:**        Plaintiff Conway, on the advice of counsel, objects to this Interrogatory as it calls for a response based upon legal conclusions that are within the province of the trier of fact. Subject to and without waiving said objections, Plaintiff states as follows:

Plaintiff incorporates her answer to Interrogatory Number 5 as responsive to the instant Interrogatory. The defendant officers overreacted to a misperceived and non-existent (potential) threat, responded with excessive force, and acted with reckless indifference to Plaintiff Conway. The defendant officers' actions were wanton and willful; undertaken without justification or cause; and represent an intentional failure to perform a manifest duty in reckless disregard of the consequences affecting the life and property of Plaintiff Conway.  The defendant officers subsequently detained Plaintiff Conway without legal justification, authority permission. These unjustified and improper actions of the defendant officers violated Plaintiff's rights afforded by the United States Constitution including her due process rights as defined by the United States Supreme Court and her Fourth Amendment rights. The defendant officers' actions further violated the Plaintiff's rights afforded under Articles 24 and 26 of the Maryland Declaration of Rights. Additional, the above described conduct by the defendant officers is prohibited by various Maryland criminal statutory and code provisions, as well as, State of Maryland's common law consideration of criminal causes; inconsistent with the Baltimore City Police Department's training, policies and procedure, and General Orders; inconsistent with the Use of Force Continuum; and otherwise illegal. The conduct of the defendant officers was also prohibited by, or

contrary to, other code provisions, statutes, writings, directives, constitutional provisions, memorandum of understanding, training materials, orders and the like which are not expressly referenced herein.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 10:**      Do you contend that Defendant acted with malice? If so, describe the entire factual basis supporting your contention in detail.

**ANSWER TO INTERROGATORY NO. 10:**      Plaintiff, on the advice of counsel, objects to this Interrogatory as it is unreasonably vague and overly broad. Plaintiff further objects to this Interrogatory as it calls for legal conclusions that are within the province of the trier of fact. Subject to and without waiving said objections, Plaintiff states as follows:

Plaintiff incorporates her answer to Interrogatory Number 5 as fully responsive to the instant Interrogatory.

**INTERROGATORY NO. 11:**      If you are claiming the right to receive money as a result of mental anguish, humiliation, inconvenience or embarrassment, or any other manner of emotional distress, please indicate the amount of money you are claiming and detail how you arrived at that amount.

**ANSWER TO INTERROGATORY NO. 11:**      Plaintiff Conway, on the advice of counsel, objects to this Interrogatory as it calls for a response based upon legal conclusions that are within the province of the trier of fact. Plaintiff notes further that she has made proper reference to damage amount, for jurisdictional considerations, within her original Complaint.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 12:**        Identify all experts whom you propose to call as witnesses and, as to each, state the subject matter on which that expert is expected to testify, the substance of the findings and opinions to which that expert is expected to testify and a summary of the grounds for each opinion.  Attach to your answer copies of any written reports made by such experts concerning those findings and opinions as well as a copy of their most recent resume or curriculum vitae.

**ANSWER TO INTERROGATORY NO. 12:**        Plaintiff identifies the following experts:

Tanea Bryant, Regenerations Counseling Services, 1421 S. Caton Avenue, Suite 201, Baltimore, Maryland 21227. Tanea Bryant is a licensed psychotherapist and is an expert in the same. It is anticipated that Tanea Bryant will offer expert opinions regarding the injuries suffered by Plaintiff Cherell Conway; the diagnosis, treatment, and the nature and extent of any permanent residual injury suffered by Plaintiff Cherell Conway. Tanea Bryant is also expected to offer testimony regarding treatment modalities utilized in carrying for the Plaintiff, explain the potential benefit and risks associated with said modalities; and detail the period of convalescence that the Plaintiff endured. Tanea Bryant may also offer opinions regarding various topics germane to this matter, including, but not limited to, the fairness, necessity, and causality of the treatment provided in the past and in the future, as well as, the cost related thereto. Tanea Bryant will also be offering opinions concerning causality in this case. Tanea Bryant his not authored an expert report as of the date of this filing, but such report will be provided to Defense counsel upon receipt. Tanea Bryant may offer additional opinions that are not expressly reference in her report and/or described in this answer. Plaintiff reserves the right to supplement this response in the future.

Plaintiff reserves the right to call as an expert any of the mental health providers or physicians who treated Plaintiff Conway, including but not limited to, the following:

Bon Secours Hospital
2000 W. Baltimore Street
Baltimore, MD 21223

It is anticipated that these mental healthcare providers will offer testimony regarding the injuries suffered by Plaintiff Cherell Conway; the diagnosis, treatment, and the nature and extent of any permanent residual injury suffered by Plaintiff Cherell Conway. They may also offer testimony regarding treatment modalities utilized in carrying for the Plaintiff, explain the potential benefit and risks associated with said modalities; and detail the period of convalescence that the Plaintiff endured. They may also offer opinions regarding various topics germane to this matter, including, but not limited to, the fairness, necessity, and causality of the treatment provided in the past and in the future, as well as, the cost related thereto. Finally, these healthcare providers may offer additional opinions that are not expressly disclosed herein.

Plaintiff reserves the right to identify and expert witness concerning police policy and procedure should it become necessary in the future. Plaintiff will not be in a position to identify such an expert until such time as the defendants respond to written discovery in this case.

Plaintiff reserves the right to call any and all experts designated by the Defendant as experts on her behalf.

Plaintiff reserves the right to supplement his Expert Disclosures based upon developments during the course of discovery, in a matter that is consistent with the Court's Scheduling Order.

**INTERROGATORY NO. 13:**     Identify all witnesses who will testify at trial, stating their names, ages, addresses, employment or occupation, phone numbers, relationship to you, and the facts of which they are expected to testify.

**ANSWER TO INTERROGATORY NO. 13:**     Plaintiff incorporates her answer to

Interrogatory Number 2 as fully responsive to the instant Interrogatory.

Plaintiff reserves the right to supplement this response based upon developments during the

course of discovery.

**INTERROGATORY NO. 14:**     Identify all medical providers that have knowledge

of, provided a diagnosis of, provided treatment for, or in any other way have been consulted

regarding the injuries and conditions alleged in the Complaint and for each state their full address,

phone number, and date of diagnosis.

**ANSWER TO INTERROGATORY NO. 14:**     Plaintiff Conway was treated by the

following healthcare providers following the complained of occurrence:

| | |
|---|---|
| *Healthcare Provider:* | Tanea Bryant |
| *Address:* | Regenerations Counseling |
| | 1421 S. Caton Avenue, Suite 201 |
| | Baltimore, Maryland 21227 |
| *Date of Visit:* | Approximately 2014 – Present |
| *Purpose:* | Counseling services |
| | |
| *Healthcare Provider:* | University of Maryland Medical Center |
| *Address:* | 22 S. Greene Street |
| | Baltimore, Maryland 21201 |
| *Date of Visit:* | September 24, 2015 and September 25, 2015 |

Plaintiff reserves the right to supplement this response based upon developments during the

course of discovery.

**INTERROGATORY NO. 15:**     If the Plaintiff has ever suffered any injuries from an

accident, whether prior to, during or subsequent to the occurrence, that necessitated medical

treatment, state the date and place of such injury, a detailed description of all the injuries received,

the names and addresses of any hospitals, physicians, surgeons, osteopaths, chiropractors or other

medical health professional rendering treatment, the nature and extent of recovery and, if any permanent disability was suffered, the nature and extent of the permanent disability.

**ANSWER TO INTERROGATORY NO. 15:**    In approximately 2003 Plaintiff Conway was a back seat passenger in a vehicle that was rear-ended. As a result of the 2003 motor vehicle collision, Plaintiff Conway suffered back pain and sought medical treatment at Bon Secours Hospital located at 2000 W. Baltimore Street, Baltimore, Maryland 21223. When Plaintiff was a teenager she was walking across an intersection when a car clipped her legs resulting in scrapes and cuts. Plaintiff did not seek any medical attention for that incident. In approximately 2013 Plaintiff Conway fracture a finger in her left hand when a window fell on her hand.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 16:**    State the names and addresses of all persons known to you or to your attorneys who have given signed or recorded statements relative to all or any part of the incident, including in your answer the date the signed or recorded statement was given, to whom the statement was given and the present custodian of each such signed or recorded statement.  Attach to your answer a copy of all signed statements or a transcript of all recorded statements made.

**ANSWER TO INTERROGATORY NO. 16:**    Plaintiff is not aware of any signed and/or recorded statements relative to all or any part of the incident.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 17:**    If you know of the existence of any pictures, diagrams or objects (real evidence) relative to the incident or its purported consequences, state the

nature, subject matter, date produced or obtained and the name and address of the present custodian of each.

**ANSWER TO INTERROGATORY NO. 17:**     Plaintiff is in possession of photographs depicting the gunshot wounds suffered by Bug. Plaintiff has produced these photographs in conjunction with her answers to Defendants Request for Production of Documents.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 18:**     If you contend that any document, letter, report, writing or any written instrument of any type or description is relevant to any issue in this case, identify each such written instrument, including the date and identity of the person preparing or signing such written instrument, and the current custodian of the written instrument.

**ANSWER TO INTERROGATORY NO. 18:**     Plaintiff has not yet made any determinations as to what documents are relevant to any issue in this case and/or rely upon to support a position that they have taken or intends to take in this action. Plaintiff reserves the right to utilize any of the documents and photographs that have been exchanged between the parties during the course of discovery in this matter. Plaintiff further reserves the right to rely upon any documents that may be exchanged, uncovered, produced, or referenced during the course of ongoing discovery in this case.

Plaintiff further reserves the right to supplement this response during the course of ongoing discovery in this matter.

**INTERROGATORY NO. 19:**     If you contend that the Defendant at any time made an admission against interest with respect to any issue involved in this litigation, state the date and place and in whose presence the admission against interest was made and the nature thereof.

**ANSWER TO INTERROGATORY NO. 19:**	Plaintiff, on the advice of counsel, objects to this Interrogatory as it is vague and calls for a legal conclusion. Without waiving said objection, Plaintiff states as follows:

Plaintiff Conway is not aware of any admissions against interest with respect to any issue involved in this litigation by the party propounded these Interrogatories. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 20:**	Name any person, not previously mentioned, to your knowledge that has personal knowledge of facts material to this case.

**ANSWER TO INTERROGATORY NO. 20:**	Plaintiff is not aware of any persons, not previously mentioned that has personal knowledge of facts material to this case.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 21:**	If any of the persons named in response to the proceeding interrogatories are known or related to you or each other, state the nature of such relationship.

**ANSWER TO INTERROGATORY NO. 21:**	Plaintiff incorporates her answer to Interrogatory Number 2 as fully responsive to the instant Interrogatory.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 22:**	Itemize all expenses you incurred and/or expect to incur in the future as a result of the allegations contained in your Complaint.

**ANSWER TO INTERROGATORY NO. 22:**	Plaintiff states that she suffered the following casually related damages:

Economic Injuries
- Regenerations Counseling Services                          $TBD
- University of Maryland Faculty Physicians. Inc.            $  312.00

Total Current Economic     $  312.00

Non-Economic Injuries
- Fear and anxiety described herein
- Pain and suffering
- Deprivation of rights afforded by the United States Constitution and Maryland Declaration of Rights.

Plaintiff has suffered additional causally related injuries which are not expressly referenced herein.

Plaintiff reserves the right to supplement this response during the course of ongoing discovery.

**INTERROGATORY NO. 23:**       Identify each and all documents or other items of evidence that you intend to use in this action, for any purpose, including, but not limited to cross-examination, pretrial, or trial proceedings, and state in detail how they relate to each claim.

**ANSWER TO INTERROGATORY NO. 23:**       Plaintiff has not yet made any determinations as to what documents are relevant to any issue in this case and/or rely upon to support a position that they have taken or intends to take in this action. Plaintiff reserves the right to utilize any of the documents and photographs that have been exchanged between the parties during the course of discovery in this matter. Plaintiff further reserves the right to rely upon any documents that may be exchanged, uncovered, produced, or referenced during the course of ongoing discovery in this case.

Plaintiff further reserves the right to supplement this response during the course of ongoing discovery in this matter.

**INTERROGATORY NO. 24:**       Do you contend that Defendant did anything to violate your rights under Article 24 of the Maryland Declaration of Rights in addition to that

Defendant's alleged assault, battery, false arrest, and/or false imprisonment, and, if so, specify in detail the conduct by Defendant that violated your rights that would not be an assault, battery, false arrest, or false imprisonment.

**ANSWER TO INTERROGATORY NO. 24:**    Plaintiff incorporates his answer to Interrogatory Number 5 as fully responsive to the instant Interrogatory.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

**INTERROGATORY NO. 25:**    Do you contend that Defendant did anything to violate your rights under Article 26 of the Maryland Declaration of Rights in addition to that Defendant's alleged assault, battery, false arrest, and/or false imprisonment, and, if so, specify in detail the conduct by Defendant that violated your rights that would not be an assault, battery, false arrest, or false imprisonment.

**ANSWER TO INTERROGATORY NO. 25:**    Plaintiff incorporates his answer to Interrogatory Number 5 as fully responsive to the instant Interrogatory.

Plaintiff reserves the right to supplement this response based upon developments during the course of discovery.

I, Cherell Conway, affirm under the penalties of perjury that the aforegoing Answers to Interrogatories are true and correct to my best knowledge, information, and belief.

_Cherell Conway_
Cherell Conway, Plaintiff

Respectfully submitted

IAMELE & IAMELE

_____
Anton L. Iamele
201 North Charles Street, Suite 400
Baltimore, Maryland 21201-4111
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelaw.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **31st** day of **March, 2017**, a copy of the foregoing

Plaintiff's Answer to Defendant's First Set of Interrogatories were sent by electronic mail and also

sent by first class, postage prepaid, mail to:

Sidney Butcher, Esq.
Whiteford, Taylor & Preston, LLP
Seven St. Paul Street, Suite 1300
Baltimore, MD 21202

_____
Anton L. Iamele