IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Maryland)

| | |
|---|---|
| CHERELL CONWAY | * |
|     Plaintiff, | * |
| v. | * |
| OFFICER JASMAN T. PAYNE, et al | * |
|     Defendants | *   Civil Action No.: 1:17-CV-01149- JFM |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION TO REMAND
AND FOR ATTORNEY FEES**

NOW COMES Plaintiff Cherell Conway who respectfully moves this Honorable Court to remand this matter to Baltimore City Circuit Court from which it was removed. Plaintiff Conway asserts that there is no basis for this Honorable Court to exercise jurisdiction over the state law claims alleged in her controlling Complaint, because: (1) diversity jurisdiction has not been alleged in support of removal; and (2) there is no basis for federal question jurisdiction on the face of the Complaint and the resolution of Plaintiff Conway's claims does not involve a federal issue. Plaintiff Conway states further in support of this motion:

1. **Relevant Background and Procedural History**

This case, concerning allegations of police misconduct, was initiated when Plaintiff Cherell Conway filed suit in the Baltimore City Circuit Court on August 10, 2016. (ECF Doc. 2) Within the Complaint, Plaintiff Conway summarized her claims and the basis for state court jurisdiction as follows:

Jurisdiction & Venue

1. **This is an action to remedy violations of Maryland Declaration of Rights Art. 24 and 26, and under the common**

> **law of the State of Maryland against Baltimore Police Department Officers Payne and Hyman**, in their individual and official capacities. The amount in controversy exceeds $75,000.00.
>
> 2. It is alleged that the named defendants … **violated Plaintiff's rights afforded by the Maryland Declaration of Rights**.
>
> 3. Venue is proper under Maryland Annotated Code, Courts and Judicial Proceedings Article §6-201, *et. seq*….

(ECF Doc. 2, pp. 1-2 (emphasis supplied)). The Complaint included five causes of action: "Count I – Trespass to Chattels"; Count II – Assault"; "Count III - False Imprisonment"; "Count IV - Intentional Infliction of Emotional Distress"; and "Count V - Violation of Maryland State Declaration of Rights (Articles 24 & 26)" (ECF Doc. 2) Plaintiff Conway's fifth cause of action was expressly limited to the state constitution with the averment that defendant officers "**violated plaintiff Conway's clearly established and well-settled state constitutional rights under the Maryland Declaration of Rights Article 24 and Article 26** including, but not limited to: freedom from the unreasonable and unjustified seizure of her person and property; and freedom from the use of excessive, unreasonable and unjustified force directed at her person during the course of a detention." (ECF Doc. 2, ¶ 51 (emphasis supplied)). Plaintiff's Complaint thus included only actions brought under Maryland's state law.

On September 15, 2016, both of the named defendants answered suit in the Baltimore City Circuit Court. (ECF Doc. 4 & Doc. 5). The filed Answers included, among other averments, a statement that the "Defendant[s] did not violate the Maryland Declaration of Rights." (*Id.*, p. 2 respectively) Neither defendant attempted to have the case removed based on the allegations and claims contained in the Complaint. Upon receipt of each of the defendant's respective Answers, the Circuit Court issued a "Pre-Trial Scheduling Order" that established a discovery

deadline of June 18, 2017, a Pretrial Conference on September 7, 2017 and a trial date of October 10, 2017. (Attached Exhibit No. 1)

Pursuant to the same Pre-Trial Order, "[a]ny Amended pleading [was required to] be filed no later than five months from the date of the order – 03/19/17." (Id.) Plaintiff Conway did not file an amended Complaint in advance of the deadline; she also did not act to alter her causes of action in any respect. Plaintiff Conway has never asserted any claim under 42 U.S.C. § 1983. At present, the only causes of action to be decided in this case are the five claims brought under Maryland common law in the originally filed Complaint. (ECF Doc. 2)

On April 26, 2017, the defendants initiated removal to this Honorable Court. Later, on May 9, 2017, the defendants submitted a "Statement Pursuant to Standing Order Concerning Removal" clarifying their position that Plaintiff's Interrogatory Answers gave rise to federal question jurisdiction. (ECF Doc. 16) According to the defendants, Plaintiff's Interrogatory Answers (referencing the "United States Constitution" and "rights afforded under the United States Constitution and Maryland Declaration of Rights") transformed her state law claims in such a manner that this Honorable Court now has jurisdiction over this suit. (ECF Doc. 16).

2. **Argument**

The operative complaint in this matter is Plaintiff's Complaint filed in the Baltimore City Circuit Court on August of 2016. The face of this pleading does not include a federal question. Moreover, the Complaint is expressly limited to causes of action brought under Maryland state law and cannot reasonably be construed to imply any federal claim. Removal in this case is therefore improper and the defendants are without any good faith basis to assert federal question jurisdiction.

A party seeking to remove the case to federal court, bears the burden of establishing

federal jurisdiction. *Mulcahy v. Columbia Organic Chemicals*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [this Honorable Court] must strictly construe removal jurisdiction." *Mulcahy*, 29 F.3d 148, 151 (citing *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100 (1941)); *see also, Dixon v. Coburg Dairy, Inc.* 396 F.3d 811, 816 (4th Cir. 2004)(strict construction is appropriate because removal implicates "significant federalism concerns"); *Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987)(removal statutes must be construed to effect "clear congressional intent to restrict removal.") Accordingly, in cases where "federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151.

Pursuant to 28 U.S.C. § 1441, a defendant may remove only those cases they could have originally been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *see also Mulcahy*, 29 F.3d at 151. The Fourth Circuit Court of Appeals has explained that 28 U.S.C. § 1441 "generally makes removal appropriate in three circumstances, demonstration of which is the burden of the party seeking removal." *Lontz. v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). The requisite circumstances for removal exist where (1) "the parties are diverse and meet the statutory requirement for diversity"; (2) "the face of [plaintiff's] complaint raises a federal question"; or (3) there is complete preemption. *Id.* Defendants have conceded that their removal effort "is not predicated on diversity jurisdiction" (ECF Doc. 16), and preemption concepts are inapplicable in this matter.

The issue now before this Honorable Court is whether any federal question was raised on the face of Plaintiff's Original Complaint. Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists when a plaintiff's cause of action "arises under" federal law. Section 1331 has

been construed to include cases in which the federal law creates the cause of action and those that require the resolution of a substantial question of federal law. *See Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986); *see also Columbia Gas Transmission v. Drain*, 191 F.3d 552, 558 (4th Cir. 1999)(Federal courts do not have jurisdiction when "plaintiff's right to relief does not, as the Supreme Court precedents require, necessarily depend upon resolution of any question of federal law, substantial or otherwise.")

Any determination as to whether federal question jurisdiction exists is determined under the well-pleaded complaint doctrine "which provides that federal jurisdiction exists *only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.CT. 2425 (1987)(emphasis supplied); *See also Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262 (2009); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."); *Hunter Douglas v. Sheet Metal Workers International Association, Local 159,* 714 F.2d 342, 345 (4th Cir.1983) ("To be removable to federal court under 28 U.S.C. § 1441 a state action must be within the original jurisdiction of the district court, and its jurisdiction must be ascertainable from the face of the complaint.")  This doctrine mandates that a plaintiff's complaint "be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party. " *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 460, 14 S.Ct. 654 (1894). In *Cook v. Georgetown Steel*, 770 F.2d 1272 (4th Cir. 1985), the Fourth Circuit Court of Appeals invoked the doctrine in support of its determination that "[a]lthough [the] case [at issue] raise[d] substantial issues under both state and federal law, the [Supreme] Court reaffirmed that if a well-pleaded complaint does not invoke

federal law, jurisdiction does not exist even in the stronger case where the only real issue in the case is a federal one." *Cook,* 770 F.2d at 1275-1276 n. 4 (citing *Franchise Tax Board,* 463 U.S. 1, 12, 103 S. Ct. 2841)

The well-pleaded complaint doctrine "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. "*Caterpillar Inc.*, 482 U.S. at 392; *See also Fair v. Kohler Die &* Specialty, 228 U.S. 22, 25, 33 S. Ct. 410 (1913)(plaintiff can determine whether he will bring suit "arising under" state or federal law); *Childers v. Chesapeake & Potomac Telephone*, 881 F.2d 1259 1261 (4th Cir. 1989)("plaintiff may avoid federal jurisdiction by relying exclusively on state law."). A defendant cannot

> merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, plaintiff would be master of nothing.

*Caterpillar Inc.*, 482 U.S. at 392. Stated in another way,

> the presence of a federal question .. in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule -- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, *and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court*….

*Caterpillar Inc.*, 482 U.S. at 398-99 (emphasis supplied); *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003)(for purpose of determining whether claims "arise under" the Constitution or the laws of the United States, the court must examine the allegations in the complaint and ignore potential defenses); *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41, 109 S. Ct. 1519 (1989)("W)hether a case is one arising under [federal law], in the sense of the jurisdictional statute, … must be determined from what necessarily appears in plaintiff's statement of his own claim in the bill or declaration, unaided by

anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose."); *In re Blackwater Security Consulting*, 460 F.3d 576, 584 (4th Cir. 2006)(" actions in which defendants merely claim a substantive federal defense to a state-law claim did not raise a federal question.")

Plaintiff's Complaint unequivocally shows that she has pursued state law claims only. The pleading contains five causes of action arising exclusively under Maryland's common law, namely: (1) Trespass to Chattels; (2) Assault; (3) False Imprisonment; (4) Intentional Infliction of Emotional Distress; and (5) Violation of Maryland State Declaration of Rights (Articles 24 & 26). Nowhere in the complaint is there any mention of any federal statute. Plaintiff also did not rely upon or otherwise invoke any federal rights in support of her claim for damages. There is no federal question that appears on the face of the Complaint.

Notwithstanding the plain language in the Complaint, Defendants asserts that this Court now has subject matter jurisdiction as a result of Plaintiff's mention of the United States Constitution, and rights afforded thereunder, within her Answers to Interrogatories. Defendants suggest that these discovery answers transform Count V of the Compliant to a federal question, and claim "[t]his Court [now] has original jurisdiction under 28 U.S.C. § 1441 because it involves claims arising under the United States Constitution." The defendants, in making this assertion, have conflated Plaintiff's discovery responses with a pleading amendment, and their position is also wholly incongruent with Maryland's law concerning the evaluation claims brought under the Maryland Declaration of Rights.

Plaintiff's state constitutional tort claims concern alleged deprivation of rights guaranteed by Articles 24[1] and 26[2] of the Maryland Declaration of Rights. These identified state rights exist

---

[1] Article 24 of the Maryland Declaration of Rights provides in pertinent part "[t]hat no man ought to be taken or imprisoned … Or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the

independently from federal constitution rights. However, they are evaluated in an identical manner to those afforded under the United States Constitution. The Maryland Court of Appeals has recognized that "Art[icle] 26 is considered in *pari materia* with the Fourth Amendment." *Carter v. State*, 788 A.2d 646, 652 (Md. 2002). Maryland's appellate courts have also indicated that claims under Article 24 are analyzed under Fourth Amendment and Fourteenth Amendment jurisprudence. *See Okwa v. Harper*, 757 A.2d 118, 141 (Md. 2000); *Williams v. Prince George's City*, 685 A.2d 884, 895 (Md. Ct. App. 1996)("The essential analysis, however, is the same under Article 24 and 26 of the Maryland Constitution as that under the Fourth Amendment.")

Plaintiff was fully cognizant of the manner in which her state constitutional tort claim would be analyzed when answering interrogatories. Her Interrogatory answers were thus crafted with two references to the Maryland Declaration of Rights as concomitant to federal constitutional rights. First, in response to an Interrogatory directing Plaintiff to "[s]tate in detail the facts upon which you base your [state law] claims in the Complaint", Plaintiff offered a lengthy factual statement that also included the following language:

> …. The defendant officers' actions were wanton and willful; undertaken without justification or cause; and represent an intentional failure to perform a manifest duty in reckless disregard of the consequences affecting the life and property of Plaintiff Conway. *These unjustified and improper actions of the defendant officers violated Plaintiff's rights afforded by the United States Constitution including her due process rights as defined by the United States Supreme Court and her Fourth Amendment rights. The defendant officers' actions further violated the Plaintiff's rights afforded under Articles 24 and 26 of the Maryland Declaration of Rights*….

(ECF Docs. 6 & 7, Answer to Interrogatory 5 (emphasis supplied)). She later identified the

---

land." Md. Const. Decl. of Rts. Art. XXIV.

[2] Article 26 of the Maryland Declaration of Rights provides all warrants, without oath or affirmation,… To season the person or property, are grievous and oppressive." Md. Const. Decl. of Rts. Art. XXVI.

"Deprivation of Rights afforded under the United States Constitution and Maryland Declaration of Rights" amongst her non-economic injuries. (ECF Docs. 6 & 7, Answer to Interrogatory 22). Plaintiff's inclusion of the above referenced language in discovery answers does not nullify her decision to eschew a claim under 42 U.S.C § 1983. Nor does it render her proper pleaded state constitutional tort claim into a claim for damages under the United States Constitution.

Plaintiff's claims persist exclusively under Maryland state law. When the claims alleged by a plaintiff are based on state, as opposed to federal law, the only time removal is proper is when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded… claims." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). Plaintiff mentioned the United States Constitution in her Interrogatory Answers (in conjunction with simultaneous references to the Maryland Declaration of Rights as a distinct source of constitutional rights) because her claim under the Maryland Declaration of Rights will necessarily be evaluated in light of federal constitutional jurisprudence. This analytical reference does not, however, alter Plaintiff's Maryland state constitutional law claim such that it now involves a substantial question of federal law. *See Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 813, 817, 106 S.Ct. 3229 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.") While federal jurisprudence may shape the lens through which Plaintiff's state constitutional tort action is examined, federal law is not a necessary element of her state constitutional tort claim. *See Union & Planters' Bank*, 152 U.S. at 460 ("A cause cannot be removed from a state court simply because, in the progress of litigation, it may become necessary to give a construction to the Constitution or laws of the United States."); *See also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818 (4th Cir. 2004)(concluding

that even in the plaintiff's claim "relied exclusively on the First Amendment to establish a violation [of a state statute] and thus necessarily depended on a question of federal law, the question of federal law raised by his complaint is not substantial.").

Beyond their misplaced reliance on Plaintiff's Interrogatory Answers, Defendants have no good faith basis to assert a federal issue was raised in Plaintiff's Complaint or that a federal issue is actually disputed in this case. *See Union & Planters' Bank*, 152 U.S. at 460 (" If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on the question of federal law."); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)("A plaintiff's right to relief for a given claim necessarily depends on the question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue."); *Mulcahy,* 29 F.3d at 153 (" If a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, and federal subject matter jurisdiction does not exist."). Plaintiff's state constitutional tort claim, even when considered in conjunction with her discovery responses, cannot properly be construed to imply a federal cause of action. *See Dixon*, 396 F.3d 816 ("a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court.") Plaintiff's claimed right to relief does not depend on the determination of any federal question.

Given the circumstances in this case, application of the "well-pleaded complaint rule" compels a conclusion that defendants' removal of this matter has been improper. An examination

of the face of Plaintiff's Complaint unequivocally demonstrates that she has set forth causes of action for violations of state law. None of the five causes of action contained in the Complaint arise under federal law. Moreover, plaintiff's state law causes of action do not give rise to any disputed and substantial federal issues. This case should accordingly be remanded to the Circuit Court for Baltimore City.

Pursuant to 28 U.S.C. § 1447 (c), "[a]n order remanding the case may require the payment of just costs and actual expenses including attorney fees incurred as a result of the removal." This provision was included because Congress "thought fee shifting appropriate in some cases." *Martin v. Franklin Capital*, 546 U.S. 122, 140, 126 S.Ct. 704 (2005).

> The process of removing a case to federal court and then having it remanded back to the state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Id.* An award of fees is appropriate in cases "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*, at 141.

Defendants do not contend that this matter originally could have been filed in federal court. Defendants' recognition of the limited scope of Plaintiff's action was implicit in the express averments, contained in their respective answers, that they "did not violate the Maryland Declaration of Rights." They now point to Plaintiff's verbiage used in discovery responses as the basis for removal. As a matter of long-established and well-known law, however, the Maryland Declaration of Rights is evaluated in *pari materia* with the United States Constitution. Given the status of the law, Plaintiff's reference to the federal constitution in discovery cannot be reasonably interpreted or relied upon to imply a separate cause of action. This is especially true in this case where (1) the Plaintiff's Complaint expressly describes a damage claim for the

deprivation of rights afforded by Article 24 and Article 26 of the Maryland Declaration of Rights only; (2) there has been no claim for relief under 42 U.S.C. § 1983; and (3) the window of time during which a pleading amendment might be allowed has already elapsed.  In sum, Defendants' removal of this case was objectively unreasonable and an award of fees is appropriate.

      WHEREFORE, Plaintiff Cherrel Conway respectfully requests that this Honorable Court remand this matter to the Baltimore City Circuit Court, award the undersigned reasonable attorney fees, and grant such further and additional relief as it deems just and appropriate.

      Respectfully submitted,

IAMELE & IAMELE, LLP


      _____-S -_____
Anton L. Iamele, Fed. Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201-4111
Telephone: 410-779-6160
Facsimile: 410-779-6161
aiamele@iamelelaw.com
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May, 2017, a copy of the foregoing Motion to Remand and for Attorney Fees was sent by way of first class postage prepaid mail and this Court's electronic filing system to:

Sydney A. Butcher, Esquire
Whiteford, Taylor, & Preston, LLP
7 St. Paul Street
Baltimore, MD 21202-1626

_____- s-_____
Anton L. Iamele