IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Cherell Conway | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Civil No. 1:17-CV-01149-JFM |
| | * | |
| Officer Jasman T. Payne, et al | * | |
| | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES

Defendants, Officer Jasman Payne and Officer Lawang Hyman ("Defendants"),

by their undersigned counsel, submit this opposition to Plaintiff Cherell Conway's

Motion to Remand and Attorney Fees (ECF Doc. 17):

### INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's responses in discovery opened the door for removal to this Court from

the Circuit Court for Baltimore City by providing such an expansive answer that went

beyond the initial Complaint in referencing that her claims are based, in part, on alleged

violations of rights afforded by the United State Constitution including due process

rights as defined by United States Supreme Court and her Fourth Amendment rights.

Regardless of Plaintiff's intentions with respect to that assertion, it provides a legally

sufficient basis for removal pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1446(b).

While Defendants have filed Notice of Removal (ECF Doc. 2) and Statement on

Removal (ECF Doc. 16) that focused on a specific part of an answer to an interrogatory

this *Opposition to Remand* is focusing on the entire answer and how it forced the Defendants to file the Notice of Removal.

## RELEVANT PROCEDURAL BACKGROUND

On or about August 10, 2016, Plaintiffs commenced this action in the Circuit Court for Baltimore City, entitled *Cherell Conway v. Officer Jasman T. Payne, et al*, Case No. 24-C-16-004481. (ECF Doc. 2) The case stated in Plaintiff's Complaint was not removable. On or about March 31, 2017, Plaintiff served signed answers to interrogatories from Defendants (ECF Docs. 6 & 7, Ans. To Int. 5), this included the following interrogatory and answer:

> 5. State in detail the facts upon which you base your claims in the Complaint.
>
> Answer: …The defendant officers' actions were wanton and willful; undertaken without justification or cause; and represent an intentional failure to perform a manifest duty in reckless disregard of the consequences affecting the life and property of Plaintiff Conway. **These unjustified and improper actions of the defendant officers violated Plaintiff's rights afforded by the United States Constitution including her due process rights as defined by the United States Supreme Court and her Fourth Amendment rights.** The defendant officers' actions further violated the Plaintiff's rights afforded under Articles 24 and 26 of the Maryland Declaration of Rights. Additional, the above described conduct by the defendant officers is prohibited by various Maryland criminal statutory and code provisions, as well as, State of Maryland's common law consideration of criminal causes; **inconsistent with the Baltimore City Police Department's training, policies and procedure, and General Orders; inconsistent with the Use of Force Continuum; and otherwise illegal. The conduct of the defendant officers was also prohibited by, or contrary to, other code provisions, statutes, writings, directives, constitutional provisions, memorandum of understanding,**

**training materials, orders and the like which are not expressly referenced herein.** Plaintiff reserves the right to supplement this response during the course of ongoing discovery.

*See* Answer to Interrogatory No. 5. (Emphasis added.) A copy of Plaintiff's Answers to Interrogatories is attached as *Exhibit 1*.

On April 26, 2017, Defendants filed a Notice of Removal based on Plaintiff's assertion that her claims were based, in part, on alleged violations of rights afforded by the United State Constitution including due process rights as defined by United States Supreme Court and her Fourth Amendment rights. (ECF Doc. 1). On May 9th Defendants filed a Statement of Removal. (ECF Doc. 16). On May 15, 2017, Plaintiff filed a motion to remand this lawsuit to the Circuit Court for Baltimore City. (ECF Doc. 17).

## LEGAL ARGUMENT

1. **Answer to Interrogatory No. 5. was so expansive that federal question jurisdiction exists.**

This action is removable under the provisions of 28 U.S.C. § 1441 because this Court has original jurisdiction over claims arising under the United States Constitution and laws of the United States. According to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." An interrogatory answer constitutes

"other paper" for purposes of removal under 28 U.S.C. § 1446(b). *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

Defendants' position is that the Answer to Interrogatory No. 5. was so expansive that it went beyond the allegations in the Complaint. No, Plaintiff did not cite a specific federal statute in the Complaint but there was such exhaustive language in the interrogatory response that one can only assume that was the intention.

Notwithstanding the well-pleaded complaint rule, Plaintiff's interrogatory answer provides legally sufficient grounds for removal to this Court. The Defendants concede that the exceptions to the well-pleaded complaint rule do not apply on these facts. The issue ripe for the Court is to determine whether a federal question jurisdiction exists based on the referenced discovery response. Camden Indus. Co. v. Carpenters Local Union, 246 F.Supp 252 (1965) (holding that plaintiff's answers to interrogatories indicating that it was engaged in interstate commerce commenced the removal period because the action stated a claim under the federal Labor Management Relations Act, although the plaintiff did not plead a claim under the Act).

Here, the Plaintiff utilized several references within one answer that highlighted terms that taken individually Courts have remanded back to state court. Blanding v. Bradley, No. CIV. SAG-14-337, 2014 WL 1514675, at *2 (D. Md. Apr. 15, 2014) (holding that that the mere mention of the United States Constitution in interrogatory answer without more cannot serve to clarify any existing federal claim.); Dufresne-Hopkins v. Carlyle Community Unit School District No. 1 2016 WL 4701547 (holding that the use of

"due process" twice by the Plaintiff in a motion for preliminary injunction cannot be read to assert a federal claim.)

Included in the interrogatory response Plaintiff highlighted that the Defendants behavior was prohibited by several constitutional provisions, statutes, writing, etc. and that she was reserving the right to supplement the response during the course of discovery. This response was referenced over four times throughout the interrogatories.

2. **The Plaintiff's verbiage presented at a minimum an objectively reasonable basis for removal.**

Plaintiff's initial allegations in Complaint mentioned none of the verbiage highlighted throughout the interrogatories. The answers expanded Plaintiff's allegations from state to include potential federal claims. It was imperative for Defendants to move timely. Based on this reasoning it was objectively reasonable at a minimum for Defendants to file Notice of Removal.

Researching the issue of a federal question jurisdiction has produced no cases that highlight the facts that the Court is being confronted with. The Defendants have not tried to employ any delay tactics during the course of litigation. In fact, the interrogatories that are the subject of this Removal were almost two months late. There is a certain level of pettiness to discuss discovery issues with Court, however, where the request for attorney fees is based on Plaintiff's assertion that Defendants' request for removal was unreasonable and a suggestion that the removal is an attempt to delay resolution of the case the record needs to be clear.

5

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132 (2005); see also In re Lowe, 102 F.3d 731, 733 (4th Cir. 1996). These facts are unusual but because of what the Plaintiff included in her Answer to Interrogatory No. 5.

## CONCLUSION

Plaintiff's motion to remand and request for attorney fees must be denied because Plaintiff's expansive answer in an interrogatory response, provides a legally sufficient basis for removal to this Court.

May 30th, 2017                                  Respectfully submitted,

                                                /s/_____
                                                Thurman W. Zollicoffer, Jr., (Bar No. 23256)
                                                Sidney A. Butcher (Bar No. 28756)
                                                Veronica K. Yu (Bar No. 10024)
                                                WHITEFORD, TAYLOR & PRESTON L.L.P.
                                                Seven Saint Paul Street, Suite 1500
                                                Baltimore, Maryland 21202-1636
                                                Phone (410) 347-8700
                                                Fax (410) 223-3494
                                                tzollicoffer@wtplaw.com
                                                sbutcher@wtplaw.com
                                                Vyu@wtplaw.com
                                                *Attorney for Defendants,*
                                                *Officer Jasman T. Payne and*
                                                *Officer Lawang Hyman*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of May, 2017, a copy of the foregoing

*Opposition to Plaintiff's Motion to Remand and Attorney Fees* was filed electronically with

the Clerk of the Court using the CM/ECF system, which will send notification of the

filing to the following:

> Anton L. Iamele (Bar No. 14845)
> 201 North Charles Street, Suite 400
> Baltimore, Maryland 21201-4111
> Phone (410) 779-6160
> Fax (410) 779-6161
> aiamele@iamelaw.com
> *Counsel for the Plaintiff*

> /s/_____
> Sidney A. Butcher

*2247802*